## Case No. 17,062.

### In re WALKER.

[1 N. B. R. 335 (Quarto, 67).] [1]

District Court, D. Massachusetts. 1868.

BANKRUPTCY—OATH OF ALLEGIANCE.

The oath of allegiance annexed to the debtor's petition may be taken before a register.

[In the matter of Andrew J. Walker, a bankrupt.]

## Case No. 17,063.

### In re WALKER.

[18 N. B. R. 56.] [1]

District Court, N. D. Mississippi. 1877.

VOLUNTARY BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—TITLE OF ASSIGNEE.

1. W. assigned his property for the benefit of all his creditors. A few days afterward judgments were entered and enrolled against him. The enrollment, by law of this state, gave liens on the property of W. He filed a petition in voluntary bankruptcy within sixty days from the date of the assignment. *Held*, that the assignment was not void at common law; was only void under the bankrupt law as against the assignee, and that the property was not W.'s, but that of the trustee, and no lien existed in favor of the judgment-creditors.

2. Neither of the following facts rendered the deed of assignment void, viz.: It was made to a trustee who was the clerk of W. It was made to a trustee of little or no property, but of excellent character, without requiring bond. It required a sale of the goods for cash, but permitted a sale on a credit of not exceeding thirty days, if the trustee deemed this best.

3. A subsequent proposition of W. to pay a certain amount to his creditors, coupled with a threat of bankruptcy, did not of itself vitiate the deed.

4. The trustee was subsequently chosen assignee in bankruptcy. *Held*, that upon the execution of the assignment to him by the register the title became vested in him from the date of the assignment, and this being so, all his acts as trustee, performed in accordance with the deed of assignment, intermediate its date and bankruptcy must be approved.

[In the matter of John C. Walker, a bankrupt.]

Manning, Watson & Moore and Fant & Fant, for creditors.

Walter & Walter, for assignee.

HILL, District Judge. The questions now for decision arise upon the petition of a number of judgment-creditors of said bankrupt, claiming liens upon the bankrupt estate, the answer of J. G. Chisim, the assignee, and proof; from which the following facts appear: Walker had been for many years a merchant in Holly Springs; two judgments had been recovered against him, which created liens upon his property; other suits had been brought against him not ripened into judgments. Finding himself unable to meet his liabilities, and being thus pressed, on the twentieth day of February last, he executed to said Chisim, who had for a number of years been his clerk and well acquainted with his business, a deed conveying to him all his property and assets, except his exempt property, directing that the trustee should proceed to sell the stock of goods at private sale for cash, or, if he thought best, on thirty days' time, and first pay off these judgment liens, and then make a pro rata division among all his creditors; at the expiration of five months the remnant

then on hand to be sold at auction for cash. This deed was on the 4th of March acknowledged and recorded as required by law. Soon after this conveyance was made, Walker wrote to all his creditors, giving them a statement of his assets and liabilities, and proposing to compromise with them upon certain terms mentioned, and stating that he had made an assignment of all his property and assets for the benefit of all his creditors, and that if his creditors did not accept his proposition and give him a release, he would avail himself of the benefit of the bankrupt law [of 1867 (14 Stat. 517)]. Whether any of the creditors accepted this proposition does not appear, but the petitioners did not, but pressed their claims into judgments, and had them enrolled prior to the twentieth day of April, when Walker filed his petition in this court, upon which he has been declared a bankrupt, and at a meeting of the creditors for the purpose said Chism was appointed his assignee and a deed of assignment of the bankrupt's estate executed to him as required by law. Chism, since the assignment made to him by Walker, has been in possession of the assigned property, and has proceeded to sell the goods, collect the debts due, and to pay off the judgments against the bankrupt recovered before the assignment, as directed by it. In his answer, Chism proposes to surrender all his rights under the assignment and to treat the assets as belonging to the bankruptcy, and asks that his acts as trustee be approved, alleging that they were all consistent with the bankruptcy, and not antagonistic to it. Upon the other side, the petitioners pray that the deed of assignment to Chism by Walker be declared void, that their judgments be declared liens upon the property of the bankrupt and paid out of the proceeds of the sales thereof.

The principal question to be determined is as to the validity of the conveyance by Walker to Chism as against creditors, for if that conveyance was valid no lien attached before the bankruptcy, and none now exists. It is contended by petitioners' counsel that the deed is void upon its face, first, because it was made to Chism, the clerk of the grantor, and that he is shown by the proof to be a man of little or no means. Chism is admitted to be a good business man, of unimpeachable integrity and moral character. His being the former clerk of the bankrupt, and familiar with the business, is in my opinion a strong reason why he should have been selected; being a man of unquestioned integrity more than supplies the want of an estate. This is the class of men usually selected for important trusts by the most prudent business men—not being encumbered with business of their own, they can give their entire attention to the trusts committed to them. I have never known security exacted of a trustee by a voluntary grantor. I do not think such a trustee is the one condemned by the authority to which I am referred by the petitioners' counsel, and therefore must hold this objection not well taken.

The next objection is that it authorized a sale upon credit. Had the credit been a long one, or had it been left entirely to the discretion of the trustee, as in the cases referred to by petitioners counsel, the objection would have been good, but it was limited to thirty days, which is among business men considered as a cash sale, the time given being a mere convenience, and no additional charge made for the delay, and is usually a matter of convenience among merchants in dealings between themselves as such, and seldom ever extended to any but those who are expected to pay on the day when due. I am satisfied this objection is not maintainable.

Another objection is, that it reserved the exempt property without specifying what it was. That the grantor had a right to reserve his exemptions is admitted, but it is said it left to him the right to determine what they were. This is a mistake. The deed only reserves them, the law designates them. I do not think this objection well taken.

These are all the objections made on the face of the deed itself, as evidence of fraud, but it is insisted that soon after the execution of the deed, Walker wrote to his creditors, proposing an unreasonable compromise, upon condition of a release from his debts, coupled with the threat that if his proposition was not accepted he would go into bankruptcy, and that such was his purpose in making the assignment. Had the deed contained a provision that only such creditors as should release their debts should be entitled to its benefits, the condition would have avoided the deed as to all who did not accept its conditions; but no such conditions are contained in the deed. Walker had a right to make a proposition to his creditors, and if he made a truthful statement in relation to his means and liabilities, and left them to judge of the propriety of its acceptance, the creditors cannot complain that, upon their declining to accept, he would avail himself of a right given by law, so that this objection is not maintainable.

The numerous authorities read by petitioners' counsel I do not think apply to the facts in this case, and am satisfied that, aside from the bankrupt law, there is nothing shown to invalidate this assignment, and there is nothing in the assignment contrary to the spirit and purpose of the bankrupt law, further than it attempts to substitute a different machinery from that provided by law for carrying out the purpose of the law, namely, an equal distribution of the assets among the creditors. Whether such a conveyance is valid or invalid, under the provisions of the bankrupt law, under recent decisions, is not well settled. The weight of authority is against its validity, but only for the reason stated, and at most only renders the conveyance voidable upon the application of the assignee; and being valid until otherwise declared by the proper court, no time elapsed in which the judgment of petitioners fixed themselves as liens upon the property of the defendant in the judgments, prior to the bankruptcy. To hold otherwise would make the action of the

assignee defeat the very purpose of the application. The effect of setting aside the conveyance, as against the assignee only, has no other effect than to avoid any attempted incumbrances or disposition of the property inconsistent with the assignment, between the time it was made and the bankruptcy. This court so decided in Mitchell v. Hayes [unreported] some years since, upon this reason alone, as well as I now remember; but since then I find myself sustained by Johnson v. Rogers [Case No. 7,-408]; Everett v. Stone [Id. 4,577]; and Dodge v. Sheldon, 6 Hill. 9.

The above position is sustained by a very able opinion of Judge Johnson, in the circuit court of the United States for the Northern district of New York, in the case of In re Beisenthal [Case No. 1,236]. In this case it is held that where an assignment for the benefit of creditors is set aside, at the suit of the assignee in bankruptcy, judgment-creditors who have levied upon the property, after the assignment and before the commencement of the proceedings in bankruptcy, have no priority over the assignee; "that, while in general the title of the assignee relates back only to the commencement of the proceedings in bankruptcy, yet where transfers are void as to him, his title relates back to the time of such transfer." The same doctrine was held by Judge Wallace, in the case of Johnson v. Rogers [Id. 7,408]. The only adverse ruling with which I have met is the case of Macdonald v. Moore [Id. 8,763]. See, also, Mayer v. Hellman, 91 U. S. 496.

I am satisfied that the petitioners obtained no lien upon the property of the bankrupt by reason of the invalidity of the assignment as to them, and that, for the sole reason that the voluntary assignment deprived the creditors of the selection of the assignee and the aid of the court to collect and distribute the assets, the conveyance must be declared void as to the assignee in his character as such, and that upon the execution of the deed of assignment to him by the register the title became vested in him from the date of the assignment, and that such being the case all his acts as trustee which would have been valid, had he then been acting in his capacity as assignee, must be approved. The alleged transfers of notes to Mr. and Mrs. Thompson are shown to have been made months before the assignment to Chism, and before such conveyance was contemplated. Besides, they are shown to have been made for present considerations, and not to secure antecedent debts, so that they can have no avail in aid of the prayer of petitioners. The result is that a decree must be entered, denying the relief prayed for in the petition, but declaring the conveyance void only as against the title of Chism in his capacity as assignee in bankruptcy, and that his title to the property and assets conveyed in the deed relates back to the execution of the deed, and that all the acts of Chism after he received the property and assets transferred to him, not inconsistent with his title and duty as assignee in bankruptcy, be approved and ratified. The result of these proceedings being necessary for a proper administration of the estate, the costs will be paid by the assignee.